# South and North Ala. Railroad Co. v. Wood.

*Action against Railroad Company, as Common Carrier, for failing to deliver Freight.*

1. *Judicial knowledge; capacity of railroad car.*—The courts can not take judicial knowledge of the rule for the measurement of corn in the shuck, nor declare that a railroad car twenty-six feet long, eight feet wide, and four feet high, can not hold three hundred bushels of corn in the shuck.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LEROY F. BOX.

This action was brought by Edmund A. Wood, against the appellant, a domestic corporation; and was commenced before a justice of the peace, on the 12th July, 1876. The complaint, filed in the Circuit Court on appeal, claimed seventy-five dollars as damages for the failure to deliver certain goods, the property of the plaintiff, viz., " seventy-four bushels of corn, received by said defendant as a common carrier, to be delivered to L. K. Moss, at Jemison Station, Alabama, for a reward; which the defendant failed to do." The case has been several times tried, each trial resulting in a verdict and judgment for the plaintiff; but, on appeal to this court, each of these judg-

29

ments was reversed, and the cause was remanded.—See the reports of the case, in 66 Ala. 167, and 71 Ala. 215.

On the last trial, as the bill of exceptions now shows, the plaintiff proved that he purchased from one Copeland, near Blountsville in said county, 300 bushels of corn in the shuck, and employed said Copeland and others to haul the corn to the defendant's depot at Bangor, and there deliver it to the defendant, to be transported on the defendant's cars to Jemison Station, consigned to L. K. Moss, who lived near that station on the defendant's road ; and the plaintiff's witnesses testified to their delivery of the corn at Bangor to one Musgrove, the defendant's agent, in one of the defendant's cars, and to their measurement of the corn as delivered. These witnesses testified, " that the corn was of good quality, and reasonably well slip-shucked ;" that the full quantity, 300 bushels, was delivered ; that they measured it by a tub, or barrel, " which was shucked and shelled out, and found to contain one bushel, one peck and a half," but was counted as containing one bushel and one peck ; that the car, when all the corn was delivered, was about two-thirds full, and was then locked by said Musgrove, the defendant's agent. Other witnesses for the plaintiff testified, that when the car was opened at Smith's Mill (where said Moss lived), about eight days afterwards, and the corn was delivered to said Moss, " the car was not over half-full, and the corn measured out but a fraction over 224 bushels." Said Musgrove testified, as a witness for defendant, that an ordinary carload of corn, shipped in the shuck, would contain from 285 to 300 bushels, and that he so informed plaintiff while negotiating for the shipment of the corn ; and the conductor of the train by which the corn was shipped, testifying as a witness for the defendant, stated that the car was " twenty-six (26) feet long in the clear, eight (8) feet wide in the clear, and about six (6) feet six (6) inches high in the middle, but not so high at the sides." The case seems to have turned on the question, how much corn was delivered by the plaintiff on the car at Bangor, for shipment to Moss at Jemison ; the defendant contending that the full quantity received was delivered to said Moss. The defendant requested the court to give several charges to the jury, seven in number, each asserting in substance, but in varying phraseology, that a car of the dimensions stated could not contain 300 bushels, and that if the car was only two-thirds full, when all of the plaintiff's corn had been placed in it, no more than 225 bushels could have been received by the defendant. The refusal of these several charges is now assigned as error.

THOS. G. JONES, with JNO. W. INZER, for the appellant.

[South & North Ala. R. R. Co. v. Wood.]

Courts can not shut their eyes to what is known by every person of ordinary intelligence within their jurisdiction. They are bound to take judicial notice of the standards of weights and measures, as established by law, and that contracts for any thing to be sold and delivered in this State must be construed by those standards.—Code, §§ 1460–61. They take judicial notice of the customs of merchants, and the usages of trade; of the general course of the transactions of human life, and whatever ought to be known within their jurisdiction; of the meaning of terms and phrases in ordinary use; of the mechanical and chemical processes employed in the art of photography, the scientific principles on which they are based, and their results; of the fair and reasonable value of cattle; of the manner in which warehouses for the construction of cotton are constructed; of things which belong to the general domain of knowledge and science; of things which must happen according to the laws of nature, and of any thing that is matter of common knowledge and use among the people throughout the country.—*Solomon v. The State,* 28 Ala. 83; *Ward v. The State,* 22 Ala. 16; *Sterne v. The State,* 20 Ala. 43; *Luke v. Calhoun County,* 52 Ala. 115; *S. & N. Ala. Railroad Co. v. Henlein,* 52 Ala. 607; *Hagan v. The State,* 52 Ala. 375; *Brown v. Piper,* 91 U. S. 42; Gres. Eq. Ev. 294; Taylor's Ev. § 4, note 2; *Hoare v. Silverlocke,* 12 Ad. & El. N. S. 624; *Ross v. Boswell,* 60 Indiana, 240; *Bailey v. Kal. Pub. Co.,* 40 Mich. 256; *Tomlinson v. Greenfield,* 31 Ark. 557. Mathematical truths are matters of absolute certainty; and whenever, on the undisputed facts of a case, the bulk or quantity of an article can be demonstrated to a mathematical certainty, the problem becomes a question of law, and the court should instruct the jury as to the result. Many arithmetics contain rules for ascertaining the number of bushels of corn in a crib, or other building; and common experience, among persons engaged in buying and selling corn, has demonstrated that three bushels of corn in the shuck make one bushel of shelled corn. These are matters of common experience, and of at least proximate certainty; and it was the duty of the court to instruct the jury as to them, instead of remitting the decision of the case to the unknown quantities which enter into the verdict of a jury.

STONE, J.—Much that enters into and shapes human transactions is so general and uniform in its operation, as to be reducible to a rule. The flow of water, the alternation of the seasons, seed-time and harvest, the operation of mechanical powers, are of this class. So, whether certain language is or not, in its very nature, obscene or insulting; whether a weapon

[Comer v. Sheehan.]

of a particular kind is, or is not deadly ; what effect a serious
wound in a vital part will have ; what are fermented, and what
distilled spirits ; these, and many other factors in judicial de-
termination, are so generally known as to dispense with all
proof of them, as a general rule.    All men know them, and
therefore they need not be proved.    This is sometimes called
judicial knowledge; frequently, common knowledge. ·

We do not think, however, that the rule for the measure-
ment of corn in the shuck falls within this class.    True, we
know that a cubic yard, which consists of twenty-seven cubic
feet, can not contain one hundred bushels of corn in the shuck.
Can we know precisely what it will hold?    Is there any gen-
erally known, inflexible rule on the subject?    So much must
depend on the variety and quality of the corn, and the quantity
of shuck left upon it, that no fixed rule can be declared.    Sup-
pose we were to declare that a box car 28 ⋈ 8 ⋈ 4 feet can not hold
300 bushels of corn in the shuck.    Can we, with any proximate
certainty, say how much it will contain?    A· result, so variable
as this, can not become a rule, and hence can not become a
subject of judicial cognizance.    As we said, when this case was
before us at a former term (71 Ala. 215), "we have nothing
to do with these questions.    The jury found there was a loss,
and we can only inquire whether the law for their government
was correctly given in charge to them."—Whar. Ev. §§ 329 *et seq*.

There is no error in the record, and the judgment of the
Circuit Court is affirmed.